# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

LAWRENCE MANKER, JR. and
STEPHANIE HUNT, as Administrator of
the Estate of Malcolm Carlton Frazier,
deceased and KENDRA FRAZIER, as
child of Malcolm Carlton Frazier,
deceased,

Plaintiffs,

v.                    4:12-cv-89

THE      ZURICH      SERVICES
CORPORATION,

Defendant.

## ORDER

Before the Court is the parties' "Proposed Consent Protective Order," which this Court treats as a joint motion for a protective order. *See* Doc. 29. The proposed order sets forth the process by which the parties agree to handle documents or information baring the label "Confidential," "Attorneys Eyes Only," or other similar designation. *See id.* at 4.

"The [C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). "[T]he sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause.'" *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

The Eleventh Circuit has approved the use of umbrella protective orders "to expedite the flow of discovery material and to protect the confidentiality of documents." *World Triathlon Corp., Inc. v. Textron, Inc.*, 2007 WL 215215, at *1 (M.D. Fla. Jan. 25, 2007) (citing *In re Alexander Grant & Co. Litigation* and *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989)).

The parties' motion presents such an umbrella order. The Court finds that, "[f]or purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' stipulation serves a useful purpose." *Id.* Accordingly, the Court approves the protective order with the following modification.

"[A]n individual has no common law right to discovery material because those materials are not judicial records or public documents." *McCarthy*, 876 F.2d at 91. Nevertheless, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598. Accordingly, "the common-law right of access requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).

This District's Local Rules do not permit a party to self-seal its own filings; unless otherwise authorized by law or the Local Rules, a party must first obtain judicial permission to seal. S.D. GA. L.R. 79.7(a). Should a party in this case wish to file a document under seal in this Court, they may follow the procedure set out in the Local Rules. *See* S.D. GA. L.R. 79.7(b).

## CONCLUSION

The Magistrate Judge's order granting the parties' motion for a protective order, *see* Doc. 30, is ***AMENDED*** to include the foregoing modification.

This 13th day of August 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA