# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LAWRENCE MANKER, JR., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CV412-089 |
| THE ZURICH SERVICES CORPORATION, | ) ) ) ) |
| Defendant. | ) |

# **ORDER**

Before the Court in this personal-injury, diversity action is the plaintiffs' motion for leave to take 50 medical-provider depositions. Doc. 33. Some background explains the unusual amount. The Zurich Services Corporation provided inspection services to a sugar processing plant that in 2008 suffered an explosion and fire, killing 14 people.[1] Doc. 1 at 3-4. Lawrence Manker, Jr. and Malcolm Carlton Frazier were burned in the conflagration, and Frazier later died. Manker, Frazier's estate, and Frazier's child brought this negligent-inspection case against Zurich. *Id.*

Plaintiffs say they delivered to Zurich verified copies of their medical

---

[1] For the purposes of this Order, the Court is accepting the facts alleged in the Complaint as true.

treatment and billing records. Doc. 33 at 1. They comply, they contend, with "the Georgia statute which allows hospitals and doctors to provide records without the necessity of submitting to the time consuming demands of depositions and which make such verification sufficient to prove authenticity without further proof or need for a deposition in Georgia state courts." *Id.* Plaintiffs need to get the records admitted at trial to prove their damages.

Zurich refuses to admit that the records are authentic. *Id.* at 1-2. Plaintiffs insist that there is no reason to doubt authenticity. *Id.* at 2. But since Zurich refuses, plaintiffs will do this the hard way. Because 50 medical providers were involved in the treatments, plaintiffs want to depose all 50 of them, but in light of Zurichs' intransigence they should be able to exclude that deposition count from the 10-deposition limit imposed by Fed. R. Civ. P. 30 and 31. *Id.* at 2-3.

Zurich opposes the motion. Doc. 37. Plaintiffs, it points out, did not just ask it to admit that the documents are authentic. Some of the records include medical billing, and plaintiffs want Zurich to admit that the amounts are *reasonable*.[2] *Id.* at 1. Even at that, says Zurich, the plaintiffs

---

[2] There is, of course, a material difference between establishing a medical bill's authenticity and the reasonableness its amount. For that matter, the burden is on the

2

have failed "to provide the proper verification of certain records in various Requests [to Admit, so Zurich] was unable to admit to the authenticity of each of these documents." *Id.* And all Zurich asks, it points out, is "proper verification through an affidavit or certification by the relevant records custodians." *Id.*

Plus, it contends, it would be simpler "to defer this issue until a later date to determine if there is a true authentication issue that cannot be resolved. If it appears later that it will be necessary to take a few depositions which would exceed the allowable limit, relief can be sought at that time, or agreement made by counsel." *Id.* Plaintiffs, however, won't agree. *Id.* Zurich shows that it attempted to resolve that uncertainty informally but plaintiffs have failed to respond. *Id.* at 2.

The Court will deny plaintiffs' motion without prejudice to renew it. For starters, they reference a "Georgia statute" governing authenticity, but fail to cite to it. Plus, relevancy is the hallmark of all discovery requests, so it is worth at least noting some relevancy-impacting

---

plaintiffs to provide competent evidence enabling the factfinder to arrive at the reasonable value for awarding their medical expense damages. *See, e.g. Bennett v. Moore*, 312 Ga. App. 445, 456-57 (2011); *Allen v. Spiker*, 301 Ga. App. 893, 896 (2009) (the law requires proof that a plaintiff's medical expenses in a personal injury action arose from the injury sustained, and that they are reasonable and necessary before they are recoverable); 13 GA. JUR. PERSONAL INJURY AND TORTS § 11:29 (Jun. 2012).

principles. The Court has located Georgia statutes on authentication and admissibility. First, there is O.C.G.A. § 24-7-8:

> (a) As used in this Code section, the term "medical records" means all written clinical information which relates to the treatment of individuals, when such information is kept in an institution.
>
> (b) Medical records or reproductions thereof, when duly certified by their custodians, need not be identified at the trial and may be used in any manner in which records identified at the trial by the custodian could be used.

O.C.G.A. § 24-7-8. That statute certainly lightens a party's litigation load.

But some medical records contain opinions and diagnoses, and if they are not admissible at trial then that alters the inquiry into their relevancy and thus their authenticity. And "opinion/diagnosis" medical records in fact *are* generally inadmissible under Georgia's Business Records Act, O.C.G.A. § 24-3-14, but O.C.G.A. § 24-3-18 enables their admissibility in narrative form, upon proper notification to the opposing party.

Nevertheless, the parties here are in federal court. Yet, they seem oblivious to the need to resolve whether state or federal law applies.[3]

---

[3] In that respect,

> Federal Rule 803(6) provides for the admission of business records and is broader than the Georgia equivalent in that Rule 803(6) specifically allows statements of medical diagnoses and opinions. Medical records and reports are

4

*Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004) (although state law controls substantive issues in diversity action, admissibility of evidence in federal courts is governed by federal law); *Costa v. Sam's East, Inc.*, 2012 WL 3206362 at * 6 (S.D. Ala. Aug. 6, 2012). Indeed, their briefs do not even cite any authority at all, let alone precedent demonstrating how admissibility standards impact the relevance and thus discoverability of what they now contest. And federal evidentiary rules cover this area. *See, e.g., Johnson v. Kilgore*, 2012 WL 3544916 at * 4 (W.D. Va. Aug. 16, 2012) (applying Fed. R. Evid. 901(a) to note that authentication is a condition precedent to the admissibility of medical records); *Schober v. SMC Pneumatics, Inc.*, 2000 WL 1911684 at *2 (S.D. Ind. Dec. 4, 2000) (discussing procedure to admit and authenticate medical records). Any renewed motion should cover this ground.

Finally, "[c]ounsel are reminded that Fed. R. Civ. P. (26(c) and 37(a)(2) require a party seeking a protective order or moving to compel

---

thus admissible under the federal business records exception when they would be excluded under Georgia's Business Records Act, O.C.G.A. § 24-3-14.

AGNOR'S GA. EVIDENCE § 11:41 (4th ed. Nov. 2011).

discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." S.D. Ga. LR 26.4. It is not believable that plaintiffs actually do want to depose 50 individuals just to get their medical records into evidence. What's more believable is that they are *de facto* moving this Court to compel Zurich's to respond to its *discovery* requests to admit. And if that this the case, then they need to certify their good faith effort to resolve this dispute informally before consuming this Court's resources. Part of that discussion must include the federal-state law question noted above.

The Court therefore **DENIES** plaintiffs' motion for leave to take 50 depositions. Doc. 33. This denial is without prejudice to their right to renew the motion -- as a motion to compel -- *after* the parties confer.

**SO ORDERED** this 27TH day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**